IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

|  |  |
|---|---|
| GLADYS CRAWLEY BARKSDALE, | Case No. 4:06CV00043 |
| Plaintiff, |  |
|  | **MEMORANDUM OPINION** |
| v. |  |
| NATIONWIDE MUTUAL INSURANCE COMPANY | By: Jackson L. Kiser |
|  | Senior United States District Judge |
| Defendant. |  |

Before me now is the Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated herein, the Defendant's Motion to Dismiss is **GRANTED**.

**I.      STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

The Plaintiff, Gladys Crawley Barksdale ("Barksdale"), bought a 1998 Ford Taurus from Crown Auto, Inc. for $10,500 on July 6, 2001. Four days later, she insured the automobile through Eric Arthur, Jr., an agent for the Defendant, Nationwide Mutual Insurance Company ("Nationwide"). Each month, Barksdale paid a premium of $86.20 on the insurance policy for her car. She contends that Nationwide determined the amount of the premium by referencing the value of the insured automobile. Barksdale asserts that a premium of $86.20 corresponds to a value of at least $8,500 for the car.

On October 12, 2002, Barksdale's automobile was stolen, vandalized and later recovered.

1

Barksdale filed a claim for her auto with Nationwide. Nationwide's Claims Adjuster told her that Nationwide would total the car because it had a salvage history. As a result of that salvage history, the car was worth less than $3,859.49, the amount it would have cost to repair the vehicle. Barksdale told the adjuster that the car functioned perfectly and was worth over $8,500. The adjuster said that the condition of the car was irrelevant due to its salvage history. Consequently, Nationwide offered to pay Barksdale $2,800 for her vehicle.

Barksdale refused to accept the $2,800 and on October 10, 2003, filed a warrant in debt against Nationwide in the Halifax County General District Court. She represented herself in the action and sought $3,859.49 from Nationwide. On January 28, 2004, the General District Court granted judgment for Nationwide. Barksdale appealed her claim to the Circuit Court. The appeal was originally set for a jury trial on February 25, 2005. On January 21, 2005, Nationwide offered to settle the case for $3,250.00. Barksdale decline the offer, and the appeal is still pending.

Barksdale filed this suit against Nationwide on July 14, 2006 in the Halifax County Circuit Court. She alleged claims of actual fraud, constructive fraud, and a civil rights violation of 42 U.S.C. § 1981. Nationwide removed the case to this court, and Barksdale filed an Amended Complaint which stated similar causes of action. Since she declined Nationwide's offer, Barksdale has driven an inferior automobile, the best she could afford. The car has frequently broken down, which, Barksdale alleges, caused her to pay for the car to be towed and repaired, to suffer inconvenience, and to suffer emotional and physical distress that has led to medical treatment.

Nationwide filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) on November 16, 2006. Barksdale filed a brief in opposition on November 29, 2006. The Court heard arguments on January 12, 2007, and the matter is now ripe for decision.

## II.    LEGAL STANDARD

Dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (citation omitted). When considering a motion to dismiss, the Court should accept as true all well-pleaded allegations and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Thus, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III.    DISCUSSION

The statute of limitations bars both of Barksdale's fraud claims. In Virginia, a two year statute of limitations governs actions for fraud. VA. CODE ANN. § 8.01-243(A) (2000). An action for fraud accrues when the fraud "is discovered or by the exercise of due diligence reasonably should have been discovered." VA. CODE ANN. § 8.01-249(1) (Supp. 2006). Barksdale should have known of her fraud claims on October 10, 2003, when she first filed suit against Nationwide to contest the amount paid under the policy. At that time, she knew all of the facts upon which she bases her fraud claims. She had purchased the insurance, paid monthly premiums commensurate in value with an $8,500 car, and been informed by the claims adjuster that Nationwide would only cover the car's salvage value.

3

Barksdale argues that she did not know of her fraud claims when she filed her contract claim on October 10, 2003. Rather, she did not become aware of the fraud until July of 2005, when she noticed the disproportionate amount of resources Nationwide spent defending a relatively small insurance claim. Her suspicions were confirmed when Nationwide filed a motion to stay the proceedings and enforce a settlement agreement to which Barksdale claims she never consented. Consequently, she asserts, she did not actually become aware of the fraud until, at the earliest, the spring of 2005.

While Barksdale may not have actually become aware of the fraud until 2005, the statute states that an action for fraud can accrue upon discovery *or* when it "reasonably should have been discovered" through due diligence. VA. CODE ANN. § 8.01-249(1). In this case, Barksdale did not need to discover any additional facts to bring her fraud claims. Rather, she knew of all of Nationwide's actions that formed the bases of her fraud claims when she filed her initial suit. A reasonable person in Barksdale's situation should have surmised that Nationwide had intentionally or negligently charged her premiums commensurate with a valuation of her automobile that far exceeded its actual insurable value. *See STB Marketing Corp. v. Zolfaghari*, 240 Va. 140, 144, 393 S.E.2d 394, 397 (1990) (judging whether a claimant should have known of fraud by determining whether an ordinarily prudent person would have discovered the fraud). As a result, I find that she should have known of her fraud claims at that time. Consequently, those claims are time barred.

In addition, I find that Barksdale has failed to plead her § 1981 claim with sufficient particularity. In *Swierkiewicz v. Sorema N. A.*, the United States Supreme Court concluded that a heightened standard of pleading for discrimination cases conflicted with Federal Rule of Civil

4

Procedure 8(a)(2)'s liberal pleading requirements. 534 U.S. 506, 509-512 (2002). The Court stated that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," such as claims for fraud or mistake under Rule 9, and noted that it "has declined to extend such exceptions to other contexts." *Id*. at 513. Nonetheless, the Fourth Circuit has determined that *Swierkiewicz* "did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim" *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2003). Thus, a "legal conclusion" is insufficient to withstand a motion to dismiss without some supporting facts. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The court has explained, "While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." *Id*.

An element of § 1981 claims is purposeful discrimination. *Dogwood Realty, Inc. v. Goodwin*, 151 Fed. Appx. 290, 294 (4th Cir. 2005) (*citing Gen. Bldg. Contractor's Ass'n., Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982)). In this case, Barksdale has only stated cursory allegations that Nationwide discriminated against her and intended to do so. She has failed to allege any facts that might support an inference of purposeful discrimination or that she was treated differently than any similarly situated customer.

The Fourth Circuit's holding in *Bass* is analogous to this case. In *Bass* the court held that a hostile work environment claim failed to state a cause of action. *Bass*, 324 F.3d at 765. In that case, the complaint was "full of problems [the plaintiff] experienced with her co-workers and supervisors. These facts, however, do not seem to have anything to do with gender, race, or age harassment." *Id*. Like the plaintiff in *Bass*, Barksdale has plead a sufficiently detailed account

5

of her difficulties with Nationwide. However, she has not pled any facts which link those difficulties with racial discrimination. Therefore, her claim is not sufficient to survive a 12(b)(6) motion.

Barksdale argues that "she was singled out by Nationwide to be the victim of fraudulent behavior, while Nationwide continues to pay the claims of other policy holders maintaining an insured value of those automobiles consistent with the premiums paid by those policy holders." First, she did not allege that Nationwide continues to pay the claims of other policy holders in her Complaint. Therefore, this argument does not address whether her complaint was sufficient. Second, even if this statement were in her Complaint, this fact alone does not appear to support an inference that Nationwide's actions were dictated by racial animosity as it does not specify whether the other policy holders were Caucasian or similarly situated to Barksdale. Third, the Fourth Circuit found an even more precise allegation of discrimination insufficient in *Bass*. In that case the Court noted that the plaintiff's "only allegations in support of her claim that deal with gender, race, or sex are as follows: She states that '[p]laintiff an African American female was consistently paid less than and consistently did not advance as fast as similarly situated white men.' " *Id*. Thus, Barksdale's claim for discrimination is plainly not stated with sufficient particularity.

Finally, at argument, Barksdale's counsel candidly admitted that he possessed no evidence suggesting Nationwide acted in a discriminatory fashion apart from his client's race but hoped to uncover such evidence through discovery. Under Federal Rule of Civil Procedure 11(b)(3), by signing a pleading a lawyer represents to the court that all that factual allegations in the document have some minimal evidentiary support. *Morris v. Wachovia Secs.*, 448 F.3d 268,

277 (4th Cir. 2006). "The need for discovery to complete the factual basis for alleged claims is not an excuse to allege claims with no factual basis." *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990). Therefore, not only has Barksdale's complaint failed to state a claim under Rule 12, it also lacks a sufficient factual basis under Rule 11.

## V.     CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss will be **GRANTED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record. The Clerk will be further directed to strike this case from the active docket of this Court.

ENTERED this 23rd day of January, 2007.

s/Jackson L. Kiser
Senior United States District Judge
